IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE WILLIAMSON and | § | |
| JODI LYNN MATTESON, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO.  4:07-CV-01414 |
| | § | |
| OHIO NATIONAL LIFE ASSURANCE | § | |
| CORPORATION and BILL TARVER, | § | |
|     Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers and email addresses.**

    On June 4, 2007, counsel for all the parties discussed the joint discovery/case management plan and the items in Rule 26(f). Gregory N. Jones and Derek Bauman participated on behalf of Plaintiffs Mike Williamson ("Williamson") and Jodi Lynn Matteson ("Matteson"), Cori McComber participated on behalf of Defendant Ohio National Life Assurance Corporation ("Ohio National"), and Dana Minissale participated on behalf of defendant Bill Tarver ("Tarver").

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    None.

3. **Briefly describe what this case is about.**

    Plaintiffs filed this suit for damages and attorneys' fees based on claims for breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade

Practices-Consumer Protection Act ("DTPA").  In addition, Plaintiffs have asserted relief seeking declaratory judgment that a life insurance policy sold by Defendant Tarver and issued by Defendant Ohio National to Williamson in the amount of $750,000 insuring Matteson's life ("Policy"), which Plaintiffs contend was subsequently revoked by Ohio National, remains effective as of the date of issuance.  In response, Ohio National filed a counterclaim seeking a declaratory judgment to adjudicate that the Policy did not take effect because of the failure of certain delivery requirements which were a condition precedent to the effectiveness of the Policy or, alternatively, to adjudicate whether the Policy should be rescinded and cancelled based upon material misrepresentations or omissions in the application and/or based on the failure of a condition precedent because of a change in Matteson's health prior to the failed delivery of the Policy.

4. **Specify the allegation of federal jurisdiction.**

    28 U.S.C. §1332.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

    Not applicable.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    It is not anticipated that any additional parties will be added.

7. **List anticipated interventions.**

    None.

8. **Describe class-action issues.**

    None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to exchange initial disclosures by June 15, 2007.

**10.    Describe the proposed agreed discovery plan, including:**

   **a.    Responses to all the matters raised in Rule 26(f).**

   **1.    What changes should be made in timing, form, or requirement for disclosures under Rule 26(a).**

   The parties have agreed to exchange initial disclosures by June 15, 2007.

   **2.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be discovery conducted in phases or limited.**

   Plaintiffs intend to seek discovery regarding the underwriting of the Policy, the delivery of the Policy, Ohio National's policies and procedures, and representations made by Defendants.  Defendants intend to seek discovery regarding delivery conditions of the policy, Matteson's health, representations made by Matteson on the application, and the claims asserted by the Plaintiffs in the lawsuit.

   **3.    Any issues relating to disclosure or discovery of electronically stored information.**

   The parties have initially agreed to produce emails and other electronically stored information in paper format.  The parties have agreed to revisit the issue should it become necessary.

   **4.    Any issues relating to the claims of privilege or protection of trial preparation material.**

   The parties have agreed to provide privilege logs in the event they withhold any documents on the grounds of privilege.

> **5.     What changes should be made in the limitations on discovery imposed under these rules or by local rules and what other limitations should be imposed.**
>
> None at this time.
>
> **6.     Any other orders that should be entered by the Court under Rule 26(c) or 16(b) and (c).**
>
> The parties anticipate submitting an agreed confidentiality order.

**b.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate serving interrogatories within 30 days of the parties' Rule 26(f) conference.

**c.     When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories within 30 days of the parties' Rule 26(f) conference.

**d.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs plan to depose designated representatives and employees of Ohio National and Tarver. Plaintiffs anticipate they can complete these depositions by November 30, 2007.

**e.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendants intend to depose Matteson, Williamson, and Matteson's medical providers. Defendants can complete these depositions by November 30, 2007, although Ohio National believes the discovery deadline should be in February 2008.

    **f.**    **(i)**    **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

        August 27, 2007.

        **(ii)**    **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

        October 12, 2007.

    **g.**    **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

        Plaintiffs intend to depose any expert witness that is identified by Defendants and believe they can be completed by November 30, 2007.

    **h.**    **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

        Defendants intend to depose any expert witness that is identified by Plaintiffs and believe they can be completed by November 30, 2007, although Ohio National believes the discovery deadline should be in February 2008.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Ohio National believes the discovery deadline should be in February 2008.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    November 30, 2007, although Ohio National believes the discovery deadline should be in February 2008.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties agree that some initial discovery needs to be completed in order to assess the possibility of settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to participate in mediation with a mutually-agreeable mediator after some initial discovery is completed.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties agree that mediation is the most suitable form of alternative dispute resolution for this matter.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree jointly to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs have made a demand for a jury trial

19. **Specify the number of hours it will take to present the evidence in this case.**

    25-40

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of interested Persons, listing the date of filing for original and any amendments.**

    Plaintiffs filed their disclosure of interested parties on May 25, 2007.

    Defendant Ohio National filed its disclosure of interested parties on May 25, 2007.

    Defendant Tarver filed his disclosure of interested parties on May 16, 2007.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel:**

    See signature blocks below.

19. **Specify the number of hours it will take to present the evidence in this case.**

    25-40

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of interested Persons, listing the date of filing for original and any amendments.**

    Plaintiffs filed their disclosure of interested parties on May 25, 2007.

    Defendant Ohio National filed its disclosure of interested parties on May 25, 2007.

    Defendant Tarver filed his disclosure of interested parties on May 16, 2007.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel:**

    See signature blocks below.

Respectfully submitted,


By:___s/ Gregory N. Jones_____
    Gregory N. Jones
    Attorney-in-Charge
    State Bar No. 10889450

Of Counsel:

Derek D. Bauman
State Bar No. 24044475
Franklin, Cardwell, & Jones P.C.
1001 McKinney, 18th Floor
Houston, TX 77002
(713) 222-6025 – Telephone
(713) 222-0938 – Facsimile
email: jones@fcj.com

ATTORNEYS FOR PLAINTIFFS MIKE
WILLIAMSON AND JODI LYNN MATTESON

        By:   s/ Cori M. McComber     
          Mark T. Davenport
          Attorney-in-Charge
          State Bar No. 05418000
          Southern ID No. 8599

Of Counsel:

Jill B. Davenport
State Bar No. 00783680
Southern ID No. 15377

Cori M. McComber
State Bar No. 24051775
Southern ID No. 713634

Figari & Davenport, L.L.P.
901 Main Street, Ste. 3400
Dallas, Texas 75202
(214) 939-2000 – Telephone
(214) 939-2090 – Facsimile
emails: jill.davenport@figdav.com

ATTORNEYS FOR OHIO NATIONAL
LIFE ASSURANCE CORPORATION

By:   s/ Dana Minissale
     Dana Minissale
     State Bar No. 18191583

Gerstle, Minnisale & Snelson, L.L.P.
One Meadows Building
5005 Greenville Ave, Suite 200
Dallas, Texas  75206
(214) 368-6440 - telephone
(214) 363-9979 – facsimile
email: dana.minissale@gmsattorneys.com

ATTORNEYS FOR BILL TARVER